UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

JOSE HUMBERTO CANEDO,

        Petitioner,

        Case No. 2:22-cv-59

v.

        Honorable

CONNIE HORTON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner, Petitioner Jose Humberto Canedo.[1] Petitioner is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. Petitioner is presently serving a sentence of 23 to 35 years for second-degree murder, in violation of Mich. Comp. Laws § 750.317, concurrently with a sentence of 6 years, 8 months to 10 years for operating a vehicle with a high blood alcohol content causing a serious injury, in violation of Mich. Comp. Laws § 257.625(5)(b). Petitioner entered *nolo contendere* pleas to both charges in the Van Buren County Circuit Court on October 11, 2019.

Petitioner identifies one issue: "whether the state trial court violated [P]etitioner['] s due process rights in violation of his [F]ifth and [S]ixth amendment attacking the voluntar[i]ness of the plea agre[e]ment and the counsel's unre[a]sonable conduct rendering the plea involuntary or lacking in understanding." (Pet., ECF No. 1, PageID.2.) Petitioner provides some of the

---

[1] Petitioner initially filed in the United States District Court for the Eastern District of Michigan. By order entered March 22, 2022, that court transferred the petition here, where venue is proper.

background regarding the charges, his plea, and his sentence. He also reports that he has exhausted his appeals and he is in the process of preparing a motion for relief from judgment. It appears that the issue he intends to raise by way of his petition is unexhausted[2] and Petitioner's pursuit of a motion for relief from judgment in the state courts is necessary to exhaust his habeas claim.

Petitioner claims that he cannot file a proper motion for relief from judgment until he receives a "discovery pack" from the state court. (Pet., ECF No. 1, PageID.7.) Because he is concerned that the statute of limitations is running on his federal habeas claim, he asks the Court to stay these proceedings and hold them in abeyance while he prepares and files his motion for relief from judgment. Review of the Van Buren County Circuit Court docket reveals that Plaintiff has requested discovery; he has not yet filed a motion for relief from judgment. *See* https://micourt.courts.michigan.gov/case-search/court/C36 (search "Last Name" Canedo, "First Name" Jose, "Birth Year" 1995, select "Case ID" 2019-0000021950-FC, last visited Mar. 24, 2022).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4

---

[2] It is not clear whether the single issue Petitioner raises in his petition is a claim he presented on direct appeal—and he intends to raise new issues by his motion for relief from judgment—or the new issue he intends to raise in his motion.

includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he has not yet raised at least one habeas claim in the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at

3

least one available procedure by which to raise the issues he has presented in this application. He may raise it in a motion for relief from judgment in the Van Buren County Circuit Court. If the circuit court were to deny relief, Petitioner would be required to raise the issue in the Michigan Court of Appeals and, if the court of appeals were to deny relief, Petitioner would be required to appeal that decision to the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

The petition is either entirely unexhausted or, perhaps, a mixed petition—a petition that include some claims that are exhausted and some claims that are not. Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007)

(approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The *Palmer* court indicated that the "stay and abey" remedy would be appropriate only where the petitioner has less than 60 days remaining in his period of limitation. The court concluded that 30 days would be sufficient time for a petitioner to return to the state court to raise his unexhausted claims by way of a collateral attack, then statutory tolling under 2244(d)(2) would apply until the attack was finally resolved in the state courts, and then 30 days would be sufficient time for a petitioner to return to federal court and raise his fully-exhausted claims by way of an amended petition. Thus, if a petitioner had more than 60 days remaining in his period of limitation at the time of the habeas court's ruling, all of the claims—exhausted and unexhausted—would be protected. If a petitioner had less than 60 days, the "stay and abey" remedy would protect the exhausted claims that remained pending but stayed in the federal court, and the unexhausted claims would be protected by statutory tolling and the 60-day period for filing in state court and returning to federal court, a period that the Sixth Circuit now describes as "mandatory equitable tolling." *Griffin*, 308 F.3d at 654; *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005); *Bozsik v. Bagley*, 534 F. App'x 427, 430 (6th Cir. 2013).

Petitioner asks the Court to stay these proceedings and hold them in abeyance to permit him to file his motion for relief from judgment in the state court. Petitioner is not entitled to the relief, however, because he has more than 60 days remaining in his period of limitation.

Section 2244(d)(1) of Title 28 United States Code provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 23, 2021. *People v. Canedo*, 961 N.W.2d 763 (Mich. 2021). It does not appear that Petitioner filed a petition for certiorari to the United States Supreme Court. The one-year limitations period did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 21, 2021.

Petitioner has one year from October 21, 2021, until October 21, 2022, to file his habeas application. Moreover, the running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Once Petitioner files his contemplated

6

motion for relief from judgment in the state court, the period of limitation will be tolled and it will remain tolled until the Michigan Supreme Court resolves Petitioner's application for leave to appeal.

The Supreme Court has held that the stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the goals of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA) with respect to achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, Petitioner has ample time to file his state motion for collateral review and then return to this Court if he does not succeed. Therefore, the Court will deny Petitioner's request to stay these proceedings and hold them in abeyance. The Court will, instead, dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied without prejudice for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment denying Petitioner's request to stay these proceedings, dismissing the petition for failure to exhaust state-court remedies, and denying a certificate of appealability.


Dated:   April 25, 2022            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE